(64 South. 926)

No. 20,162.

STATE ex rel. MAYOR AND SELECTMEN OF TOWN OF HOMER v. LOUISIANA & N. W. R. CO.

(March 30, 1914.)

*(Syllabus by the Court.)*

MANDAMUS (§ 132*) — RIGHT OF ACTION — STREET OBSTRUCTIONS—RAILROADS.

A mandamus will lie to compel a railroad company to make the necessary repairs to its road running through the streets of a city or town, so as to keep the same free for the use of the public, and clear of all obstructions. Rev. St. § 691, as amended by Acts No. 204 of 1902, p. 395, and No. 157 of 1910, p. 236; Act No. 193 of 1912, p. 381.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 266, 267; Dec. Dig. § 132.*]

Appeal from Third Judicial District Court, Parish of Claiborne; W. C. Barnette, Judge.

Mandamus by the State, on the relation of the Mayor and Selectmen of the Town of Homer, against the Louisiana & Northwest Railroad Company. From judgment for relator, defendant appeals. Affirmed.

John A. Richardson, of Homer, for appellant. Enos C. McClendon, of Homer, for appellee.

SOMMERVILLE, J. The town of Homer, alleging that the defendant railroad company has permitted two of its overhead bridges in the town to be out of repair and dangerous, and that it is the duty of the defendant to keep in good order and repair its bridges and other constructions, so that the streets of said town may be unobstructed, and the citizens have the free use of the

same, ask that a mandamus issue to compel defendant to reconstruct said two bridges, to put them in good order, and to make them safe for public traffic, within a time to be fixed by the court, and that said bridges be so adjusted that the streets will not be obstructed.

Respondent answered, alleging that one of the two bridges complained of was in good order and repair; and admitted that the second was in bad order. It further admitted that it had caused the two bridges to be built, and that it is its duty to keep all of the bridges constructed by it in the town in a reasonably safe condition for the use of the public. It further expressed a willingness to do the repairing and reconstructing necessary, but alleges that it is not able to procure the funds necessary to do the work, and that it is impossible for it, at this time, to make the necessary repairs.

There was judgment in favor of the relator, ordering defendant to reconstruct one of the bridges complained of, and to repair or strengthen the abutments at the ends of the other bridge. Defendant has appealed.

In this court George W. Hunter has appeared and shown that the defendant company has been placed in the hands of a receiver, and that he is the receiver. He asks to be made a party to the cause. It is so ordered.

It is made the clear duty of the railroad company to keep in good order and repair and free from obstruction the streets of any town or city through which said railroad passes. This proceeding by mandamus is brought under the provisions of the Revised Statutes, § 691, as amended by Act No. 204 of 1902, p. 395, and Act No. 157 of 1910, p. 236, and under Act No. 193 of 1912, p. 381.

Respondent specially complains of that provision in the judgment appealed from which requires it to begin the construction and repair therein ordered within 15 days from the time the judgment became final, and to complete it within 30 days from the time said work was begun. The law provides that railroad companies should have reasonable time in which to reconstruct and make the repairs ordered; and, while the time fixed in the judgment may be short, it is not shown to be unreasonable; and we do not feel warranted in making any change in the judgment appealed from.

The evidence shows that one of the bridges complained of was repaired by respondent before the case went to trial, and that the only additional work necessary in connection with that bridge is to make the abutments at the ends of the bridge more secure; and the trial court ordered this work to be done.

The evidence shows, with reference to the other bridge, that it had fallen into decay, was out of use, and had to be reconstructed.

There is no evidence in the record showing that respondent cannot get the money required to do the work ordered to be done.

Judgment affirmed.